United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHUOC VAN NGUYEN, Petitioner, | § § § § | CIVIL ACTION NUMBER 4:26-cv-00195 |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| PAMELA BONDI, *et al*, Respondents. | § § § | |

## ORDER

Pending are a petition for writ of *habeas corpus* by Petitioner Phuoc Van Nguyen and a motion for summary judgment by the Government. Dkts 1 (petition) & 10 (motion).

Petitioner argues, among other things, that the Government failed to comply with 8 CFR §§241.13(i)(2), (3) in revoking his release. Dkt 1 at ¶¶99–103.

The Government doesn't explicitly indicate what "changed circumstances" led to the decision to revoke Petitioner's release, as §241.13(i)(2) requires. But it does assert that Petitioner was detained upon determination that there exists a significant likelihood that he will be removed in the reasonably foreseeable future, as required under §241.13(i)(2). See Dkt 10 at 7–8. In support, it attaches a declaration from Petitioner's deportation officer indicating that his travel documents have been requested from the Vietnamese embassy. Dkt 10-2 at ¶22. It attaches another declaration from a deportation officer in a separate matter that "Vietnam is currently accepting the return of all their citizens," with citation to 10 recent examples. Dkt 10-4 at ¶17.

The Government further claims that Petitioner was afforded notice of the reasons for revocation at the time he was taken back into custody as required under §241.13(i)(3). Dkt 10 at 8. It attaches a form titled "Decision to Continue Detention." Dkt 10-3. But that document is dated December 31, 2025, which is several months after Petitioner's revocation of release. Id at 3. Even so, the Government contends that an appropriate remedy for failing to provide notice would be to provide Petitioner with the reasons for revocation of release. See Dkt 10 at 8–10.

It is thus unclear from the record (i) what "changed circumstances" caused revocation of Petitioner's release under 8 CFR §241.13(i)(2), and (ii) whether the Government has complied with the notification, interview, and informational obligations under 8 CFR §241.13(i)(3).

The Government is ORDERED to make a further evidentiary filing in this regard by March 6, 2026. It must specifically include (i) the changed circumstances that led to revocation of Petitioner's release, and (ii) a date by which it anticipates receipt of travel documents for Petitioner and/or effectuation of Petitioner's removal.

SO ORDERED.

Signed on February 26, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge